

ENTERED
06/29/2016

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| IN RE: § | | |
| ATP OIL & GAS CORPORATION § | | CASE NO: 12-36187 |
|    Debtor(s) § | | |
| § | | CHAPTER 7 |
| § | | |
| DIAMOND OFFSHORE COMPANY § | | |
|    Plaintiff(s) § | | |
| § | | |
| VS. § | | ADVERSARY NO. 12-03425 |
| § | | |
| BENNU OIL & GAS, LLC § | | |
|    Defendant(s) § | | |

**RECOMMENDATION ON MOTION FOR LEAVE
TO FILE INTERLOCUTORY APPEAL**

and

**SECOND AMENDMENT TO MEMORANDUM OPINION**

The Court recommends that Diamond Offshore Company's motion for leave to file an interlocutory appeal be denied. The principal complaint raised by Diamond concerned a ruling by this Court that placed the burden of proof with respect to the tracing of funds on Diamond. Because the Fifth Circuit has now ruled on that issue in an unrelated case—but in Diamond's favor—that question is now moot and the Court amends its Memorandum Opinion.

### Background

On December 3, 2015, Diamond Offshore Company filed a motion for leave to file interlocutory appeal of this Court's Memorandum Opinion dated October 28, 2015. (4:15-cv-3337 at Dkt. No. 2). While Diamond's motion for leave to file interlocutory appeal was pending, it also filed a motion for reconsideration with this Court regarding the October 28 Memorandum Opinion. (ECF No. 300). On January 5, 2016, the District Court issued an order in which it

deferred ruling on the motion for leave to file interlocutory appeal until this Court ruled on the motion for reconsideration. (4:15-cv-3337 at Dkt. No. 11). In the event the Bankruptcy Court denied the motion for reconsideration, the District Court requested that the Bankruptcy Court issue a recommendation on whether the District Court should grant Diamond's motion for leave to file an appeal. (*Id.*)

In response to Diamond's motion for reconsideration, this Court issued an amended Memorandum Opinion on February 4, 2016. (ECF No. 320). On February 18, 2016, Diamond Offshore Company filed a second motion for leave to file interlocutory appeal of the Bankruptcy Court's February 4, 2016, Memorandum Opinion and accompanying Order. (4:16-cv-00420 at Dkt. No. 2).

The Bankruptcy Court issues this recommendation on whether the District Court should grant Diamond's second motion for leave to file interlocutory appeal of the February 4 Memorandum Opinion and accompanying Order. (4:16-cv-00420 at Dkt. No. 2).

For the reasons set forth below, the Court now amends the February 4, 2016 Memorandum Opinion by placing the tracing burden on the Trustee.

**Standard**

28 U.S.C. § 158(a) authorizes a district court to grant leave to appeal an interlocutory order from a bankruptcy court, but does not indicate the appropriate legal standard the district court should use in determining whether to grant leave to appeal. *In re Ichinose*, 946 F.2d 1169, 1176 (5th Cir. 1991). In the absence of such a standard, the district courts have typically considered the 28 U.S.C. § 1292(b) factors when determining whether to grant leave to appeal an interlocutory order. *Goldin Associates, L.L.C. v. Cent. Boat Rentals, Inc.*, 2008 WL 1782284, at *2 (W.D. La. Apr. 18, 2008). This standard requires that three elements are met: "(1) a

controlling issue of law must be involved; (2) the question must be one where there is substantial ground for difference of opinion; and (3) an immediate appeal must materially advance the ultimate termination of the litigation. *In re Ichinose*, 946 F.2d at 1177 (assuming without deciding the § 1292(b) test applies); *Ahrenholz v. Bd. Of Trs. Of Univ. of Ill.*, 219, F.3d 675, 676 (7th Cir. 2000) (stating that the § 1292(b) elements are conjunctive, and "[u]nless *all* the[] criteria are satisfied" a court may not certify its order for an interlocutory appeal.) (emphasis in original).

Appeal of a bankruptcy court's interlocutory order is limited to cases presenting exceptional circumstances. *Royce Homes L.P.*, 466 B.R. 81, 94 (S.D. Tex. 2012). Such exceptional circumstances must exist to advance "the strong policy behind the finality requirement, which favors avoiding piecemeal appeals, interference with bankruptcy administration, and waste of judicial resources." *In re Global Marine, Inc.*, 108 B.R. 1007, 1009 (S.D. Tex. 1988).

**Analysis**

Diamond alleges that the Court made four legal errors in its Memorandum Opinion on controlling questions of law for which there are substantial grounds for a difference of opinion and the resolution of which will materially advance the termination of litigation:

1. The Bankruptcy Court erroneously held that the Trustee was not required to recharacterize the payments the debtor made to Diamond Offshore in order to recover. Diamond alleges that the Trustee must first recharacterize the royalty payments as financing payments before it can recover the proceeds under § 547. Diamond alleges that the Trustee cannot do this because the Trustee sold the recharacterization claims to Bennu, as evidenced by the Asset Purchase Agreement ("APA").

2. The Bankruptcy Court erroneously held that it is Diamond's obligation to trace the source of the funds used to make the alleged preferential transfers. Diamond alleges that it is the Trustee's burden to plead and prove that the preference payments were made from assets in which the debtor had an interest, and the Bankruptcy Court erred in determining that Diamond had the tracing burden.

3. The Bankruptcy Court erroneously held that there is a question regarding whether property held in constructive trust is property in which the debtor has an interest. Diamond alleges that because an estate has no interest in property it holds in constructive trust, the debtor had no interest.

4. The Bankruptcy Court erred in its construction of the APA when it determined that the Trustee retained the right to pursue § 547 preference claims against Diamond. Diamond alleges that the Asset Purchase Agreement unambiguously conveyed the § 547 claims to Bennu.

(*See* Dist. Dkt. No. 2 at 4-5).

**Controlling Question of Law**

The 'controlling question of law' requirement of § 1292(b) is closely related to the requirement that an appeal materially advance the termination of litigation. *Ryan v. Flowserve Corp.*, 444 F.Supp.2d 718, 723 (N.D. Tex. 2006). "Although technically the question of whether there is a controlling issue of law is distinct from the question of whether certification would materially advance the ultimate termination of the litigation, in practice the two questions are closely connected." *S.E.C. v. Credit Bancorp, Ltd.*, 103 F. Supp. 2d 223, 227 (S.D.N.Y. 2000). Some courts have dispensed with addressing the more abstract "controlling question of law requirement" in favor of addressing the more pragmatic requirement that "immediate appeal may materially advance the outcome." *Coates v. Brazoria Cty. Tex.*, 919 F. Supp. 2d 863, 868 n. 4 (S.D. Tex. 2013); 16 Fed. Prac. & Proc. Juris. § 3930 (3d ed.).

Diamond does not raise any issues of fact in its motion that would be precluded by the "controlling question of law" requirement. Accordingly, this requirement is not a basis upon which to deny Diamond leave to file interlocutory appeal for any of the legal errors it has identified.

**Substantial Ground for Difference of Opinion**

Courts will find a substantial ground for difference of opinion if (1) a trial court rules in a manner which appears contrary to the rulings of all courts of appeal that have reached the issue, (2) if the circuits are in dispute on the question and the court of appeals of the circuit has not spoken on the point, (3) if complicated questions arise under foreign law, or (4) if novel and difficult questions of first impression are presented.  4 Am. Jur. 2d Appellate Review § 123; *Coates v. Brazoria Cnty. Tex.*, 919 F. Supp. 2d 863, 868 (S.D. Tex. 2013) (the "threshold for establishing a substantial ground for difference of opinion is higher than mere disagreement or even the existence of some contrary authority.").

*Claims 1 and 4*

Two of the legal errors Diamond asserts (1 and 4), challenge the Court's interpretation of the APA.  The APA identifies certain assets and claims the estate sold to Bennu, including the right to seek to recharacterization of the overriding royalty interests as disguised debt instruments.  Diamond alleges that the Court erred in its construction of the APA when it concluded that the Trustee could pursue its § 547 claims without recharacterizing the overriding royalty interest as a disguised debt instrument.  (*Id.* at 5).  Diamond also argues that the APA unambiguously conveyed the § 547 claims to Bennu.  (Dist Dkt. 2 at 5).

Diamond argues that the APA is unambiguous, and because this Court failed to give the correct effect to its language, there exists substantial ground for difference of opinion regarding the contract's meaning.

In Diamond's reply, it asserts "[t]he issue is not difficult—the APA does not reserve claims under § 547 to the Trustee, it only reserved a claim to the **proceeds** of such an action **under § 550** to the Trustee.  Thus, the Bankruptcy Court erred in holding that the APA saved

§ 547 claims for the Trustee." (Dist. Dkt. No. 11 at 6) (emphasis in original). However, under the APA, "the Purchased Assets . . . exclude[] any claims under Chapter 5 of the Bankruptcy Code, other than claims pursuant to Section 549 of the Bankruptcy Code." (Case No. 12-36187; ECF No. 2706 at 26). A plain reading of the APA appears to reserve § 547 claims for the Trustee. The Court found as much in its Memorandum Opinion.

A difference of opinion on how to read a contract is hardly the type of alleged error that would justify an interlocutory appeal. A vast number of commercial disputes include contract interpretations. Such routine matters (difficult as they may be) do not justify an interlocutory appeal. *See Ahrenholz v. Bd. of Trustees of Univ. of Illinois,* 219 F.3d 675, 676 (7th Cir. 2000) ("[T]he question of the meaning of a contract, though technically a question of law when there is no other evidence but the written contract itself, is not what the framers of section 1292(b) had in mind. . . ."). Diamond has not identified any authority suggesting the Court should have arrived at a different result. It merely asserts the APA prohibits the Court's conclusion. Disagreement with the Court's conclusion alone does not create "substantial ground for difference of opinion."

*Claims 2 and 3*

The remaining legal errors are related. In its Memorandum Opinion, the Court found that that the Trustee has the burden of proving that the transferred property was estate property. (Case No. 12-3425; ECF No 320 at 18); 11 U.S.C. § 547(b). The Court then ruled that if ATP could satisfy its burden that it had legal title to the funds, a legal presumption of equitable title would arise. Diamond would then have to rebut the presumption by tracing the funds ATP remitted from its commingled account and establish that they were attributable to Diamond's ORRI. *Id.* at 20.

Between the date of the Court's initial and amended opinions, the Fifth Circuit addressed the burden of proof on tracing in a § 547 preference lawsuit by a trustee. Although no party has cited to the opinion, the Court finds the opinion controls the outcome of this issue. *In re Tusa-Expo Holdings, Inc.*, 811 F.3d 786 (5th Cir. 2016).

In *Tusa-Expo,* the Fifth Circuit held that—notwithstanding the UCC's tracing requirement to the contrary—the burden of proof for tracing in a preference lawsuit rests squarely on the shoulders of the chapter 7 trustee. *Id.* at 798.

Because there is now controlling authority in this Circuit, the Court amends its February 4, 2016 Memorandum Opinion. The tracing burden of proof is on the Trustee.

Diamond also asserts that the Court erred when it stated, in a footnote, that "some courts have rejected the applicability of the constructive trust doctrine in bankruptcy preference litigation." (*Id.* at 20 n. 12). Diamond alleges this finding is subject to substantial ground for difference of opinion because the Fifth Circuit has firmly held that a bankruptcy estate has no interest in property it holds in constructive trust. *In re Haber Oil Co.*, 12 F.3d 436, 435-36 (5th Cir. 1994). The Court's Memorandum Opinion does not violate the holding in *Haber Oil*. On the contrary, the Court outlined how Diamond could use the trust theory to rebut the presumption of equitable title in favor of the Trustee:

> Under the trust doctrine, a trustee cannot recover funds for the benefit of the estate once it has been determined that the transferred funds were trust assets, as those assets do not become property of the debtor's estate. When a debtor holds property in trust under applicable non-bankruptcy law, the equitable interest in that property belongs to the trust beneficiary, not the debtor. The equitable interest does not become Estate property.

(Case No. 12-3425; ECF No 320 at 19) (citations omitted). In the footnote, the Court was merely acknowledging that some courts have rejected the applicability of constructive trust

doctrine in bankruptcy preference litigation. The footnote does not prejudice Diamond's ability to argue that it has equitable title to the funds under a constructive trust theory.

Because this Court has now amended its error in the February 4 Memorandum Opinion, and because the footnote does not indicate any substantial dispute over a question of law, the Court rejects issues 2 and 3 as a basis for an interlocutory appeal.

**Materially Advance the Ultimate Termination of the Litigation**

The requirement that an interlocutory appeal materially advance the ultimate termination of the litigation reflects a policy that interlocutory review is only appropriate in extraordinary cases in which a decision might avoid protracted and expensive litigation. 4 Am. Jur. 2d Appellate Review § 124.

The only legal error the resolution of which Diamond alleges would have materially advanced the ultimate termination of the litigation is the tracing issue. (*See* Dist. Dkt. No. 2 at 6-7, 11 at 9). Diamond argues that placing the burden on it to employ common law tracing principles to establish its equitable interest in funds it received from ATP would constitute "a monumental waste of time and resources." (Dist. Dkt. No. 2 at 7); (Case No. 12-3425; ECF No 320 at 23). That issue is now resolved in Diamond's favor.

Additionally, other claims remain in the adversary proceeding that would be unaffected by the tracing issue, preventing early termination of the litigation. (Dist. Dkt. No. 10 at 18) ("such as Diamond's actions for breach of contract, fraud, conversion, request for constructive trust and recovery of attorney's fees . . . ."). When a court rules on a motion that does not resolve all liability issues, an interlocutory appeal may lead to piecemeal litigation and delay, not advance, the entire litigation. *Solis v. Universal Project Mgmt., Inc.*, 2009 WL 2018260, at *6 (S.D. Tex. 2009).

**Sufficiency of Pleading**

To the extent Diamond continues to seek interlocutory appeal based on the sufficiency of the Trustee's pleadings, the Court recommends that the District Court deny such relief. While it is not an unbending rule, "[c]hallenges to the sufficiency of a pleading are not generally the appropriate subjects of interlocutory review, as reversal on interlocutory appeal at most could lead only to a remand for repleading, with the possibilities of further interlocutory appeals thereafter." *In re Manhattan Investment Fund Ltd.*, 288 B.R. 52 (S.D.N.Y. 2002) (internal citations omitted). Diamond's argument that interlocutory appeal based on pleading sufficiency is uniquely appropriate in a bankruptcy case because "[w]aiting for the conclusion of the entire bankruptcy proceeding to hear appeal of important interim rulings would not be feasible or efficient . . ." is unavailing. (Dist Dkt. No. 11). The underlying case is an adversary proceeding, free of the secondary and tertiary issues in the main bankruptcy case that might unduly delay a final order, ripe for appeal. *In re England*, 975 F.2d 1168, 1172 (5th Cir. 1992) ("Finality in bankruptcy cases is contingent upon the conclusion of an adversarial proceeding within the bankruptcy case, rather than the conclusion of the entire litigation.").

**Conclusion**

Accordingly, the Court recommends that the District Court deny Diamond's motion for leave to file interlocutory appeal.

SIGNED **June 29, 2016.**

_____
Marvin Isgur
UNITED STATES BANKRUPTCY JUDGE