a



ENTERED
11/01/2016

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | |
|---|---|
| IN RE: § | |
| ATP OIL & GAS CORPORATION § | CASE NO: 12-36187 |
|     Debtor(s) § | |
| § | CHAPTER 7 |
| § | |
| DIAMOND OFFSHORE COMPANY § | |
|     Plaintiff(s) § | |
| § | |
| VS. § | ADVERSARY NO. 12-3425 |
| § | |
| BENNU OIL & GAS, LLC § | |
|     Defendant(s) § | |

## MEMORANDUM OPINION

This Memorandum Opinion and accompanying Order resolves Diamond Offshore Company's motion to dismiss the complaints in intervention at ECF Nos. 258 and 344. On August 19, 2016, this Court issued a Report and Recommendation in which it concluded that a privilege under the Louisiana Oil Well Lien Act ("LOWLA") attaches to a subsequently transferred overriding royalty interest if the transferee was provided actual notice of the privilege by the claimant before the transferee acquired the royalty interest. *OHA Investment Corp. v. Bennu Oil & Gas LLC*, 2016 WL 6247613 (Bankr. S.D. Tex. August 19, 2016). In its renewed motion to dismiss at ECF No. 344, Diamond argues that the Court's conclusion requires dismissal of the Intervenors' complaints. No Intervenor replied to Diamond's renewed motion.

### Background

Diamond initiated this lawsuit to determine (1) its ownership of an overriding royalty interest ("ORRI") in certain oil and gas leases it acquired pursuant to a conveyance and farmout agreement it entered into with ATP Oil & Gas Corp. in May 2009, and (2) its ownership of the proceeds of production attributable to that ORRI. Service providers to ATP have intervened in

this suit, seeking to establish a privilege under LOWLA on proceeds from oil and gas production attributable to Diamond's ORRI.  These Intervenors are: (1) Champion Technologies, Inc., (2) Offshore Energy Services, Inc., (3) Barry Graham Oil Service, L.L.C., (4) Harvey Gulf International Marine, L.L.C., (5) Hornbeck Offshore Services, L.L.C., (6) Expeditors & Production Services, Inc., (7) EPS Cargo Handlers, Inc., and (8) Franks' Casing Crew & Rental Tools, Inc.

This adversary proceeding has two other components.  First, whether Diamond is liable for avoidable transfers under § 549 of the Bankruptcy Code.  Second, whether Diamond is liable for preferential transfers under § 547 of the Bankruptcy Code.  The § 549 issues have been resolved.  A trial will be scheduled on the balance of the § 547 issues.

### Rule 12(b)(6) Standard

The Court reviews motions under Rule 12(b)(6) by "accepting all well-pleaded facts as true and viewing those facts in the light most favorable to plaintiffs." *Stokes v. Gann,* 498 F.3d 483, 484 (5th Cir.2007) (*per curiam*).  However, the Court "will not strain to find inferences favorable to the plaintiff." *Southland Sec. Corp. v. INSpire Ins. Solutions Inc.,* 365 F.3d 353, 361 (5th Cir.2004) (internal quotations omitted).

To avoid dismissal for failure to state a claim, a plaintiff must meet Fed. R. Civ. P. 8(a)(2)'s pleading requirements.  Rule 8(a)(2) requires a plaintiff to plead a "short and plain statement of the claim showing that the pleader is entitled to relief."  In *Ashcroft v. Iqbal,* the Supreme Court held that Rule 8(a)(2) requires that the "well-pleaded facts" must "permit the court to infer more than the mere possibility of misconduct."  556 U.S. 662, 679, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009) (quoting Rule 8(a)(2)).  "Only a complaint that states a plausible claim for relief survives a motion to dismiss."  *Id.* (citing *Bell Atlantic Corp. v. Twombly,* 550 U.S.

544, 556, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007)). "[A] complaint does not need detailed factual allegations, but must provide the plaintiffs grounds for entitlement to relief—including factual allegations that when assumed to be true raise a right to relief above the speculative level." *Lormand v. U.S. Unwired, Inc.,* 565 F.3d 228, 232 (5th Cir.2009) (internal quotations omitted).

## Jurisdiction

At a minimum, this Court has "related to" jurisdiction pursuant to 28 U.S.C. § 1334(b). Section 1334 provides that district courts have subject matter jurisdiction over all "civil proceedings arising under title 11, or arising in or related to cases under title 11." 28 U.S.C. § 1334(b). With respect to bankruptcy cases that remain open, the Fifth Circuit has held that "it is not necessary to distinguish between proceedings 'arising under', 'arising in a case under', or 'related to a case under', title 11." *Wood v. Wood (In re Wood),* 825 F.2d 90, 93 (5th Cir.1987). The Fifth Circuit noted that § 1334(b)'s language operates "conjunctively to define the scope of jurisdiction." *Id.* Consequently, bankruptcy courts need only "determine whether a matter is at least 'related to' the bankruptcy." *Bass v. Denney (In re Bass),* 171 F.3d 1016, 1022 (5th Cir.1999) (citing *Walker v. Cadle Co. (In re Walker),* 51 F.3d 562, 569 (5th Cir.1995); *In re Wood,* 825 F.2d at 93).

Subject matter jurisdiction is determined at the time the complaint is filed. *Carney v. Resolution Trust Corp.*, 19 F.3d 950, 954 (5th Cir. 1994) (citing *Rosa v. Resolution Trust Co.*, 938 F.2d 383, 392 n. 12 (3d. Cir.), *cert. denied*, 502 U.S. 981 (1991)). All but one of the original complaints in intervention was filed on December 13, 2012. (ECF No. 59, 61, and 62).[1] At that time, ATP had not sold its assets and the ATP bankruptcy case was an active chapter 11 reorganization. The resolution of the Intervenors' claims would have had an effect on ATP's

---

[1] The final complaint was filed on September 3, 2013. (ECF No. 189).

bankruptcy estate. An adversary proceeding falls within the court's "related to" jurisdiction if "the outcome of that proceeding could *conceivably* have any effect on the estate being administered in bankruptcy." *Wood v. Wood (In re Wood)*, 825 F.2d 90, 93 (5th Cir. 1987) (citing *Pacor, Inc. v. Higgins (In re Pacor)*, 743 F.2d 984, 994 (3d Cir. 1984)).

If the Intervenors succeed on the merits of their suit and are allowed to recover against Diamond, the liability of the Debtor would be lessened.[2] The Fifth Circuit has held that "related to" jurisdiction exists in a suit between two creditors—as here—where success on the merits would reduce a claim against the bankruptcy estate. *See Fire Eagle, LLC v. Bischoff (In re Spillman Dev. Grp., Ltd.),* 710 F.3d 299, 304–305 (5th Cir. 2013). This is true even where the effect of third-party litigation on the bankruptcy estate is "attenuated [and] hypothetical." *Id.* at 305. The Court possesses subject matter jurisdiction over this adversary proceeding.

### Constitutional Authority

Although subject matter jurisdiction is proper in this Court, questions regarding an Article I judge's constitutional authority must be addressed. Under *Stern v. Marshall*, the Supreme Court held that whether a bankruptcy court can enter a final judgment in a case depends on whether the cause of action stems from the bankruptcy itself or would necessarily be resolved in the claims allowance process. 131 S.Ct. 2594, 2618 (2011). This adversary proceeding involves state law claims between two non-debtor parties and would not necessarily be resolved in the claims allowance process. Furthermore, neither Diamond nor the Intervenors have consented to the entry of a final judgment. *See Wellness Int'l Network, Ltd. v. Sharif*, 135 S.Ct.

---

[2] Any lien attaching before June 21, 2010—the Senior Lien Cutoff Date—is senior in priority to any and all DIP financing liens. *See Hornbeck Offshore Servs., LLC v. ATP Oil & Gas Corp. (In re ATP Oil & Gas Corp.)*, 2016 WL 1533367 at *2 (Bankr. S.D. Tex. Apr. 11, 2016). Through the Asset Purchase Agreement with Bennu, the Debtor established a Senior Lien Escrow of $55,000,000.00 to pay off Senior Liens, with the Debtor's Estate retaining a contingent interest in the residual.

1932 (2015) ("We hold that Article III is not violated when parties knowingly and voluntarily consent to adjudication by a bankruptcy judge.").

Although it is unlikely this Court possesses the necessary constitutional authority to enter final judgment, a court may still issue interlocutory orders. *Trevino v. HSBC Mortg. Serv. (In re Trevino)*, 535 B.R. 110, 125 (Bankr. S.D. Tex. 2015). In a multi-party suit like this adversary proceeding, "a court's order is final only if it meets one of two conditions: (1) it must adjudicate all the claims of all the parties, or (2) the court must expressly determine there is no just reason for delay and direct an entry of judgment under Rule 54(b)." *Riley v. Wooten*, 999 F.2d 802, 804 (5th Cir. 1993). As set forth above, this adversary proceeding involves additional parties with claims unrelated to those addressed in this Order. Accordingly, this Order is interlocutory.

## Analysis

The issues in this adversary proceeding are identical to those presented to the Court in *OHA Investment Corp. v. Bennu Oil & Gas LLC*. 2016 WL 6247613 (Bankr. S.D. Tex. August 19, 2016). In *OHA*, the Court concluded that while a privilege under LOWLA may attach to an ORRI conveyed after the privilege arose, the recipient of the ORRI must have been provided actual notice of the privilege by the claimant before it paid for the ORRI. *Id.* at *5. The Court's conclusion in *OHA* controls the outcome of this proceeding. Accordingly, to survive dismissal, the Intervenors' complaints must allege that Diamond received actual notice of the privilege by the claimant before Diamond purchased the ORRI.

None of the Intervenors' complaints allege that the claimant provided Diamond with actual notice of its privilege under LOWLA before Diamond purchased its ORRI. (ECF Nos. 59, 62, 189, and 190). No Intervenor has filed a reply requesting an opportunity to file an amended

complaint that would cure the deficiency. Accordingly, the Intervenors' complaints are dismissed.

## Conclusion

The Court will issue an Order consistent with this Memorandum Opinion.

SIGNED **November 1, 2016.**

Marvin Isgur
UNITED STATES BANKRUPTCY JUDGE